**CORRECTED**

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 20-1728V
(not to be published)

| | |
|---|---|
| YVONNE NELSON-EASTMAN,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: April 21, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Paralegal Tasks at Attorney Rates |

*Rhonda Lorenz-Pignato*, Shannon Law Group, Woodridge, IL, for Petitioner.

*Tyler King*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

　　On December 2, 2020, Yvonne Nelson-Eastman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on March 17, 2020. Petition at 1. On December 30, 2022, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 44.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated January 27, 2023 (ECF No. 48), requesting a total award of $62,356.11 (representing $60,256.40 in fees and $2,099.71 in costs). In accordance with General Order No. 9, Petitioner filed a statement stating that she incurred no out-of-pocket expenses. ECF No. 49.  Respondent reacted to the motion on January 30, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 50. On January 30, 2023, Petitioner filed a reply stating she doesn't not intend to file a substantive reply. ECF No. 51.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

Petitioner requests compensation for her attorney, Rhonda Lorenz-Pignato, at the following rates: $415 for time billed in 2020; $440 per hour for 2021; and $454 for time in 2022. ECF No. 48-2 at 1 - 35. These rates have been previously awarded for this attorney and will be awarded in this matter as well. Ms. Lorenz-Pignato also requests an increased rate of $477 per hour for time billed in 2023. *Id.* at 1 – 3. I find the requested rate increase to be reasonable and shall award it herein.

### B. Paralegal Tasks at Attorney Rates

Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

It appears counsel performed a number of paralegal tasks but seeks attorney rates for them. Examples of these entries include, but not limited to:

- November 19, 2020 (0.10 hrs) "Prepare new records from AFC urgent care to use as an exhibit combining them with the previously produced records from that facility";

- November 24, 2020 (0.20 hrs) "Revise Exhibit list to update all exhibit names and pages";

- February 16, 2021 (0.10 hrs) "Prepare records from Linden Medical group for filing, labeling as an exhibit and bates stamping";

- March 22, 2021 (0.50 hrs) "Review documents emailed from client showing phone log screen shots of various calls made relevant to her shoulder injury, locate in file client's providers phone numbers and cross reference same in phone logs and highlight";

- March 23, 2021 (0.10 hrs) "Revise updated list to include Affidavits of Petitioner and witness as exhibits" and

- March 29, 2021 (0.10 hrs) "Revise SOC to complete it with a filing date and prepare in the format required by the court for filing".

ECF No. 38 – 2 at 29, 28, 25, 24, 23 and 21.

Because the Program does not pay attorney rates for such administrative tasks, I shall instead compensate this time at the following reduced rates: $163 per hour for 2020; $172 per hour for 2021; $177 per hour for 2022; and $186 per hour for 2023. These rates are more comparable to what a paralegal would receive. This reduces the amount of fees to be awarded by **$2,602.10**.[3]

## ATTORNEY COSTS

Petitioner requests $2,099.17 in overall costs. ECF No. 48-4 at 1. This amount is comprised of obtaining medical records and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby **GRANT IN PART** Petitioner's Motion for attorney's fees and costs. I award a total of **$59,753.47** (representing $57,654.30 in fees and $2,099.17 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

> s/Brian H. Corcoran
> Brian H. Corcoran
> Chief Special Master

---

[3] This amount is calculated as follows: ($467 - $163 = $304 x 0.30hrs = $91.20) + ($415 - $163 = $252 x 2.2hrs = $554.40) + ($440 - $172 = $268 x 5.3hrs = $1,420.40) + ($454 - $177 = $277 x 1.20hrs = $332.40) + ($477 - $186 = $291 x 0.70hrs = $203.70) = $2,602.10.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

4